# Law Office of Mohammed Gangat
*Representing Workers in Employment Litigation*

675 Third Avenue, Suite 1810<br>
New York, NY 10017<br>
Direct Dial: (718) 669-0714<br>
Office: (646) 556-6112<br>
mgangat@gangatpllc.com<br>
Fax: (646) 496-9195

*Via ECF*  July 18, 2022

District Judge Vincent L. Briccetti
U.S District Court, Southern District
300 Quarropas St,
White Plains, NY 10601

    <u>Re</u>: <u>Garcia et al v. ABM Industry Groups, LLC et al 7:21-cv-10197-VB</u>

To the Hon. Judge Briccetti:

  I represent plaintiffs Adalinda Garcia, Levi Barrientos, Sterling Barrientos, Jonathan Barrientos and Ronald Balbuena ("Plaintiffs") in this action. This is a request for settlement approval as per the Second Circuit's decision in Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). Defendants ABM Industry Groups, LLC, and ABM Industries Incorporated ("Defendants") consent to this request.

  This action arises under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiff brings the following causes of action: (1) unpaid minimum wage and unpaid overtime under the FLSA; (2) unpaid minimum wage, unpaid overtime, and unpaid spread-of-hours pay under the NYLL; (3) failure to provide wage notice and wage statements under the NYLL; (4) failure to pay wages on time in violation of NYLL 191; (5) retaliatory termination; and (6) unjust enrichment based on Plaintiffs incurring expenses that were not ever reimbursed in the course of performing work for Defendants.

  Plaintiffs calculated available damages for each claim and provided an assessment of the same to defense counsel in the course of settlement negotiations. The following summarizes the alleged unpaid wages: Adalinda Garcia, $11,574; Levi Barrientos, $7,553; Sterling Barrientos, $1,800; Jonathan Barrientos, $4,940; and Ronald Balbuena $6,964.00. Plaintiffs calculated $10,000 for each plaintiff as a statutory penalty for failure to provide proper wage notices and statements. Plaintiffs calculated virtually $0 for the late paid wage claim because there were very few, if any, late payments upon further investigation of time records. Plaintiffs calculated between $3,000-$5,000 for each Plaintiff in unreimbursed expenses. Plaintiffs agreed for purposes of settlement negotiations to omit damages for the retaliatory termination claim, because at this early stage there are significant factual disputes between the parties and Plaintiffs agreed to forego including these amounts in the settlement discussions.

  Under the agreement, Defendants will pay a total of $76,200, to be split as follows: $17,500 to Adalinda Garcia; $8,000 to Jonathan Barrientos; $10,000 to Levis Barrientos;

$10,000 to Ronald Balbuena; $5,000 to Sterling Barrientos; and $25,700 to Mohammed Gangat representing attorney's fees and expenses.  A copy of the agreement for each plaintiff is attached hereto at Exhibits A-E.

The amount of the attornenys' fee is reasonable because it is one-third of plaintiffs' net recovery, in addition to reimbursement of costs, and that is what is customarily agreed to between plaintiffs and their counsel in FLSA cases, and what is routinely approved by this Court in similar circumstances.

Keeping in line with the trend in the Circuit following *Cheeks*, the Agreement contains a limited release, which applies only to "Claims" defined as:

> all claims or potential claims, allegations, complaints, proceedings, charges, actions, causes of action, demands, debts, covenants, contracts, liabilities or damages of any nature whatsoever, whether or not now known, claimed or suspected by Plaintiff, to whomever made, which were alleged in this Action or that arise under the Fair Labor Standards Act, the New York State Labor Law, and any other federal, state or local legislation concerning employee wages, pay, or retaliation).

(Ex. A-E, p. 2-3, para. 5.)  I note the phrase "general release" does appear in the title of the agreement, but this is just a title, and does not have any effect.  The parties mistakenly included that reference prior to execution by all parties.

There is no confidentiality provision; only a non-disparagement provision where the parties agree not to disparage one another and agree to not say or do anything that would harm the reputation of the other. Importantly, the non-disparagement provision where the parties retain the right to discuss matters related to this legal action with whomever they choose so long as the parties retain the right to discuss matters related to this legal action with whomever they choose so long as the parties' statements are truthful. (Id., p. 3, para. 9.)

Plaintiff submits that the settlement is completely fair, reasonable, and adequate to the Plaintiff and respectfully request that the Court approve the Agreement and permit the parties to submit a Notice of Voluntary Dismissal With Prejudice to the Court for So Ordering and filing with the Clerk of the Court.

We thank the Court for its time and attention to this matter.

                    Respectfully Submitted,

                    Law Office of Mohammed Gangat

                    _____
                    Mohammed Gangat, Esq.