UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
ADALINDA GARCIA, on behalf of themselves :
and all others similarly situated, LEVIS :
BARRIENTOS, on behalf of themselves and all :
others similarly situated, JONATHAN :
BARRIENTOS, on behalf of themselves and all :
others similarly situated, STERLING :
BARRIENTOS, on behalf of themselves and all :
others similarly situated, and RONALD : **ORDER**
BALBUENA, on behalf of themselves and all :
others similarly situated, : 21 CV 10197 (VB)
             Plaintiffs, :
 :
v. :
 :
ABM INDUSTRY GROUPS, LLC, and ABM :
INDUSTRIES INCORPORATED, :
             Defendants. :
--------------------------------------------------------------x

    On July 18, 2022, plaintiffs' counsel filed settlement agreements between each of the five named plaintiffs (proceeding individually only) and the defendants in this Fair Labor Standards Act ("FLSA") action (the "Original Proposed Agreements") (Docs. ##24-1–24-5), as required by Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

    On July 21, 2022, the Court denied plaintiffs' motion for settlement approval without prejudice to refiling to address the non-mutual non-disparagement provision in the Original Proposed Agreements. (Doc. #25).

    On July 26, 2022, plaintiffs' counsel filed revised versions of each of the five settlement agreements (the "Revised Proposed Agreements") (Doc. #26-1), and explained that the parties agreed to remove the non-disparagement provision from the Revised Proposed Agreements entirely. (Doc. #26).

    In reviewing the Revised Proposed Agreements, the Court has considered the following factors:

    (i)    the parties' position as to the proper valuation of plaintiffs' claims;

    (ii)    the risks and costs of continuing to litigate;

    (iii)    plaintiffs are represented by counsel;

    (iv)    plaintiffs no longer works for defendants;

(v)   the settlement agreement does not contain a confidentiality clause;

(vi)   the settlement agreement does not contain a non-disparagement clause;

(vii)   there is a bona fide dispute regarding the number of overtime hours plaintiffs worked and the wages paid to plaintiffs;

(viii)   the parties' desire to resolve this action and avoid the costs and uncertainty associated with drawn-out litigation; and

(ix)   the release set forth in paragraph 5(A) of the Revised Proposed Agreements is limited to wage-and-hour claims.

Based on the foregoing, the Court finds the Revised Proposed Agreements are fair and reasonable, and the product of arm's-length negotiation, not fraud or collusion.

Additionally, the Court finds the attorneys' fees, which are one-third of plaintiffs' net recovery, to be fair and reasonable under the circumstances.

Finally, in light of the parties' intention, as set forth in the Revised Proposed Agreements, to file a stipulation of dismissal, it is hereby ORDERED that this action is dismissed without prejudice to the right to restore the action to the Court's calendar, provided the request to restore the action is made by no later than August 29, 2022.  To be clear, any application to restore the action must be filed by August 29, 2022, and any application to restore the action filed thereafter may be denied solely on the basis that it is untimely.

## CONCLUSION

Accordingly, the Revised Proposed Agreements (Doc. #26-1) are APPROVED.

The Clerk is instructed to close this case.

Dated:  July 28, 2022
        White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge